## Richmond

RICHARD E. WATKINS

v.

CAROL A. WATKINS

April 18, 1980.

Record No. 780674.

Present: All the Justices.

*Fred A. Talbot (James A. Baber, III; Bremner, Baber & Janus,* on brief), for appellant.

*Evelyn G. Skaltsounis (Robert E. Eicher; Julious P. Smith, Jr.; Williams, Mullen & Christian,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this divorce suit, we limited the appeal to consideration of the issue: Did the trial court, as a part of the maintenance and support

provisions of the final decree, have jurisdiction to enjoin the husband from disposing of his shares of stock in two family-owned corporations? We answer that question in the negative and reverse.

Defendant-appellant Richard E. Watkins and plaintiff-appellee Carol A. Watkins were married in 1961. In 1976, she sued him for divorce. In the course of the proceedings, she sought a lump-sum award plus monthly amounts for maintenance and support of herself and the three infant children born of the marriage. In 1978, the trial court awarded the wife an absolute divorce and custody of the children, but denied her request for payment of a lump sum. Instead, the chancellor carefully fashioned in the final decree a detailed set of provisions for maintenance and support to meet the rather unusual financial circumstances disclosed by the evidence. This appeal focuses on the validity of only one paragraph of that decree.

During most of the marriage, the parties lived on Curles Neck Farm, located in Henrico County, where the defendant is farm manager. He owns approximately 24 percent of the stock in two family-owned corporations, Curles Neck Farm, Inc., and F. E. Watkins Motor Co., Inc., South Hill, Virginia. The defendant's father is the majority stockholder and president of each corporation. These corporations in turn own about 93 percent of the stock in Curles Neck Dairy, Inc.

An accountant's statement showed the defendant's "partial net worth" as of December 31, 1975 to be approximately $1.5 million. This was based on his stockholders' equity in the corporation plus his share in approximately 5,500 acres of land owned by the Farm.

During the last years of the marriage, the parties and their children lived in a home on the Farm. As long as defendant is an employee of the Farm he is entitled to the house, along with utilities, without cost. Since the separation of the parties in 1974, the wife and the children have remained in that home. She is provided by the Farm, without cost, milk, meat, utilities, trash collection, hospital insurance, and fire insurance on household goods. She is also provided with a motor vehicle, free of charge, by Watkins Motor Co., which pays for the automobile insurance.

During the latter years of the marriage, the defendant was paid a salary as farm manager ($2000 per month in 1977) which was allocated among the three corporations. In addition, he received substantial amounts in non-interest-bearing loans from the corporations, none of which has been repaid. Also, Watkins received large amounts from a partnership which owned gravel-producing land.

The evidence showed that none of the three corporations paid dividends in recent years, although each had liquid assets exceeding "liquid liabilities." Testimony indicated that defendant could "spend his net worth" by borrowing from lending institutions, using his stock as security, or he could sell his stock should a market for it develop. But the chancellor noted "that the key to defendant's ready access to the substantial sums involved in a lump-sum award seems to be held by his father."

In the final decree, the chancellor ordered the husband to comply with an agreement made during the *ore tenus* hearing to provide medical care and special schooling for one of the children who was physically and mentally disabled; ordered him to pay monthly amounts as support for the other two children; ordered him to "take no action to deny" the wife benefits she was receiving from the corporations relating to the house, utilities, home maintenance, insurance and the automobile; ordered him to pay monthly amounts for the wife's support; and ordered payment by him of attorney's fees and costs.

In addition, the trial court included in the order the following directive that is the subject of this appeal:

> It is further ADJUDGED and ORDERED that, to assure as much as possible that the plaintiff and the infant children will continue to receive the aforesaid benefits, the Defendant is now enjoined and restrained from disposing of his shares of stock in Curles Neck Farm, Inc., and F. E. Watkins Motor Company, Inc., by sale, redemption, gift, pledge, or otherwise, subject to the further order of this Court and that a copy of this Order be served upon the Registered Agent of those corporations.

The chancellor, in a letter to counsel written before the final decree was drawn, stated that a lump-sum award was "not being made at this time" and explained the purpose to be served by an injunction:

> The defendant's interest in these corporations may at some future date be more readily convertible into cash. Meanwhile, he should not be permitted to divest himself of that interest. Consequently, the support order should provide that the defendant is enjoined from disposing of his stock ownership in Curles Neck Farm, Inc., or Watkins Motor Company. His retention of these interests give[s] some assurance that the support hereinafter ordered will be paid and may be of further benefit to Mrs. Watkins or the children at a later date.

Defendant contends the trial court "was without power or authority" to enjoin him from disposing of his shares of stock in the Farm and the Motor Company.

Plaintiff argues that the trial court, in view of the "special equities" in this case, merely acted *in personam* upon a party actually before the court by restraining the defendant from liquidating the stock. She notes the chancellor had jurisdiction to make a lump-sum award and contends it was proper for the court, after deferring such an award, "to preserve the status quo with respect to the property on which the lump-sum award hinged." Plaintiff also notes that the specific benefits to her and the children flow from sources not before the court and over which the court lacked control. Consequently, she argues, the chancellor could properly design a remedy calculated to continue these benefits, observing that the corporations will be more likely to furnish them if defendant maintains his 24 percent stock interest. Plaintiff points out the husband has argued that those benefits should be counted as maintenance and support, and has assured the court they will continue despite the divorce. Thus, plaintiff argues, the injunction "simply measures his assurance by his performance." We do not agree with plaintiff's contentions.

As we have often said, jurisdiction in divorce suits is purely statutory. *Lawrence* v. *Lawrence,* 212 Va. 44, 48, 181 S.E.2d 640, 643 (1971); *Bray* v. *Landergren,* 161 Va. 699, 704, 172 S.E. 252, 253 (1934). Such jurisdiction of a court of equity does not inherently extend to the disposal of the personal property of the husband. *Ring* v. *Ring,* 185 Va. 269, 277, 38 S.E.2d 471, 475 (1946). And even though the court has jurisdiction of both the subject matter and the parties, a decree may nevertheless be void if "the character of the judgment was not such as the court had the power to render, or [if] the mode of procedure employed by the court was such as it might not lawfully adopt." *Anthony* v. *Kasey,* 83 Va. 338, 340, 5 S.E. 176, 177 (1887). *Accord, Barnes* v. *American Fertilizer Co.,* 144 Va. 692, 706, 130 S.E. 902, 906 (1925).

In *Ring,* to secure the husband's payment of support money to the wife and children, the trial court ordered him to deliver 700 shares of his stock to the clerk of the court to be held until further order of the court. In addition, the chancellor directed the clerk to note on each share that it was subject to the lien of the divorce decree. The court also ordered that the stock not be pledged, encumbered, sold, assigned, converted or in any manner disposed of without leave of court. On appeal this Court reversed, holding that the trial court,

because of its lack of jurisdiction, had no power to impound the stock. 185 Va. at 277, 38 S.E.2d at 475.

Likewise, we hold in this case that the chancellor had no power to enjoin defendant from disposing of his shares of stock. The effect of the court's directive is to impound defendant's personal property. We recognize the trial court has designed an equitable plan, given these facts, to secure the payment of support and maintenance. But that consideration is irrelevant because the court lacked the statutory power to lawfully adopt the remedy in question.

Consequently, the foregoing paragraph of the final decree will be adjudged void, and to that extent only the judgment of the trial court will be reversed.

*Reversed and final judgment.*