## Richmond

### RICHARD D. ERNSBERGER

### V.

### PATRICIA C. ERNSBERGER

September 9, 1982.

Record No. 800912.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Mark E. Rubin (C. Thomas Mustian; Mustian, Parker & Tavenner,* on brief), for appellant.

No brief or argument for appellee.

PER CURIAM.

The lower court entered a final decree on March 17, 1980, granting Patricia C. Ernsberger an absolute divorce from her husband, Richard D. Ernsberger. Various provisions were made concerning the maintenance and support of the wife and an infant child, and the custody of the child. The court further found that the husband was wrongfully withholding certificates for 202.892 shares of stock in USAA Capital Growth Fund, Inc., and directed the husband to transfer and deliver the stock certificates to the wife. We granted the husband an appeal limited solely to a consideration of the correctness of this ruling.

Mrs. Ernsberger testified that the stock in question was purchased with money she inherited from her grandmother, and that her husband made no contribution to the purchase. The husband testified that he did not "know exactly at this point where the money came from [to buy the stock]" but that it was registered in their joint names. The court found that the wife had in fact purchased the stock with her individual funds and that the husband was wrongfully withholding the certificates from her.

Our decision here is controlled by *Watkins v. Watkins,* 220 Va. 1051, 265 S.E.2d 750 (1980).[1] There, we held that the jurisdiction of a court of equity in divorce suits is purely statutory and does not inherently extend to the disposal of the personal property of the husband. We found that the chancellor was without power to enjoin a husband from disposing of his shares of stock. *See also Ring v. Ring,* 185 Va. 269, 38 S.E.2d 471 (1946).

Although Code § 20-107 gave a trial court broad powers to decree as to the maintenance and support of parties and custody of children upon decreeing the dissolution of a marriage, it did not grant the court jurisdiction to decree the disposition of the personal property of the parties. In the instant case, the court had jurisdiction of both the subject matter and the parties but then lacked the statutory power to order the husband to transfer his interest in the stock to the wife.[2] Consequently, the paragraph in

---

[1] The decree appealed from in the instant case was entered prior to our decision in *Watkins.*

[2] Code § 20-107 was repealed by the 1982 General Assembly. Code § 20-107.3, effective July 1, 1982, provides, *inter alia:*

A. Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, the court, upon motion of either party, shall determine the legal title as between the parties, and the ownership and value of all real and personal property of the parties and shall consider which of such property is separate property and which is marital property.

the final decree of the lower court concerning the stock registered in the joint names of the parties is adjudged void, and to that extent only the judgment of the trial court will be reversed. This action shall not prejudice the rights of the parties in any subsequent proceeding to determine the ownership and disposition of the stock.

*Reversed and final judgment.*