## Richmond

PHILLIP C. JOHNSON

v.

MARY LYNN T. JOHNSON

January 21, 1983.

Record No. 801086.

Present: All the Justices.

*Morton B. Spero (Spero and Diehl*, on brief), for appellant.
*Benjamin B. Cummings, Jr. (Cummings & Dick*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

The main question in this divorce suit is whether the trial court had jurisdiction to order a husband to pay his wife one-half of a savings deposit held in the joint names of the parties.

In February of 1980, appellee Mary Lynn T. Johnson sued appellant Phillip C. Johnson for divorce, alleging his conduct amounted to constructive desertion. She also sought spousal support, a lump sum property settlement, custody of the minor child of the parties, child support, attorney's fees and costs. In a cross-bill, the husband asked for a divorce on the ground of desertion. He also sought custody of the child and an order requiring the wife to pay child support.

In the June 1980 decree from which the husband appealed, he was granted a divorce from bed and board on the ground the wife wilfully deserted him on November 19, 1979. He was awarded custody of the 16-year-old son, with reasonable visitation rights reserved to the wife. In the portion of the decree at issue in this appeal, the trial court provided:

> "[I]t is further ORDERED that the [husband] pay to the [wife] the sum of Eleven Thousand two Hundred Ninety-Two Dollars and Seventeen cents ($11,292.17) which represents one-half of the money that the Court determines was jointly owned at the time of the separation, but which was then in the possession or control of the [husband]."

The husband contends the court below lacked authority to order a division of jointly owned funds and, even if the court had such power, the evidence fails to support the award.

During almost 20 years of marriage, both parties were regularly employed, the husband by Allied Chemical Corporation and the wife as a legal secretary. The parties maintained a joint checking account to which the husband made deposits and which the wife did not use. She had a separate checking account in her individual name; she alone made deposits and withdrawals.

According to the wife's testimony, a substantial portion of her income was used during the marriage for payment of household expenses, including the cost of raising the parties' two children (one was age 18 at the time of the suit). The husband paid other family expenses such as the amounts due on the home mortgage, real estate taxes, and property insurance.

The parties maintained a joint savings account at a local bank; that account is the focus of this appeal. Because most of the wife's salary was consumed by payment of family expenses, she made no contributions to the account; the husband made all the deposits from his earnings.

According to the evidence, the husband withdrew $10,000 from the savings account in October of 1978 and purchased a certificate of deposit in the joint names of the parties. In March of 1979, he withdrew a like amount, purchasing another certificate of deposit in the names of the husband and his younger son. Finally, the savings account was closed by the husband's withdrawal of $2,584.35 two months before the parties separated.

The contested portion of the divorce decree demonstrates the trial court concluded that the funds in the savings account totalling $22,584.35, although withdrawn from that account before the parties separated, were "jointly owned at the time of the separation" on November 19, 1979. Accordingly, the court ordered the husband to pay the wife one-half of that sum. No statutory authority for the award was cited in the order.

The husband notes that under former Code § 20-107, in force at the time of the decree, the trial court lacked authority to award permanent spousal support in favor of a wife who was at fault. Thus, he says, the contested award cannot be construed as lump sum spousal support.[1] Consequently, the argument continues, the award must be the result of a division of jointly owned property, an act which likewise was then beyond the jurisdiction of the di-

---

[1] Effective July 1, 1982, § 20-107 was repealed; § 20-107.1, containing the same proscription against a support award for a party at fault, became operative on that date.

vorce court. The husband relies on *Watkins* v. *Watkins*, 220 Va. 1051, 265 S.E.2d 750 (1980); *Robertson* v. *Robertson*, 215 Va. 425, 211 S.E.2d 41 (1975); *Jackson* v. *Jackson*, 211 Va. 718, 180 S.E.2d 500 (1971); and *Guy* v. *Guy*, 210 Va. 536, 172 S.E.2d 735 (1970). *See also Ernsberger* v. *Ernsberger*, 224 Va. 1, 294 S.E.2d 794 (1982). *Cf. Turner* v. *Turner*, 213 Va. 42, 189 S.E.2d 361 (1972) (lump sum award valid where "special equities exist").[2]

Responding, the wife concedes that under former § 20-107 the party at fault was not entitled to an award of spousal support. She argues, however, that such is not the issue here because the decree appealed from nowhere mentions or orders spousal support.

She says there is "a significant distinction" between the instant case and those cited by the husband. Here, she points out, the decree deals solely with jointly owned deposits of money whereas the cases relied on by the husband involved property other than joint bank accounts. *Guy* and *Robertson* dealt with furniture and furnishings, *Watkins* and *Ernsberger* with corporate stock, and *Jackson* with real estate.

The wife relies on the second sentence of Code § 6.1-73, in effect at the time of the June 10, 1980 decree but repealed on July 1, 1980, as the authority for a divorce court "to provide for the interests of the parties in a joint bank deposit." That statute, codified among the banking laws, provided in pertinent part:

"When a deposit has been made, or shall hereafter be made, in any bank or trust company transacting business in this State, under the names of a husband and wife, payable to either, or payable to the survivor, such deposit, or any interest or dividend thereon, upon the death of either husband or wife shall vest in the survivor. Upon the entry of a decree of divorce, either a mensa et thoro or a vinculo matrimonii, of the parties subsequent to the making of such deposit, and delivery of a certified copy of such decree to the bank or trust company wherein such deposit was made, the interests of said parties in such deposit shall be as tenants in common, *unless otherwise ordered by the court*." (Emphasis added)[3]

---

[2] Code § 20-107.3, explicitly authorizing the divorce court to determine ownership of the property of the parties, became effective on July 1, 1982.

[3] See present Code § 6.1-125.4, effective July 1, 1980, dealing with the same subject.

The wife contends that under § 6.1-73, upon divorce, joint bank accounts between husband and wife were entitled to different treatment than other property under § 20-107. Accordingly, she urges, the trial court had the power to order division of the savings account pursuant to the statutory language, "unless otherwise ordered by the court." Additionally, she says, the evidence supports the award because the wife's income was used for household expenses permitting the husband to have surplus income to be deposited in the joint savings account.

We do not reach for decision the question whether the evidence supports the award because we decide the threshold question in favor of the husband. Jurisdiction in divorce suits is purely statutory, *Watkins* v. *Watkins*, 220 Va. at 1054, 265 S.E.2d at 752, and it cannot be acquired by the courts inferentially or through indirection. The second sentence of § 6.1-73 was enacted primarily for the protection of banks. *See Virginia National Bank* v. *Harris*, 220 Va. 336, 341, 257 S.E.2d 867, 870 (1979). It is triggered upon the happening of two events: entry of a divorce decree *and* delivery of a certified copy of such decree to the bank. The former event does not activate the statute unless the latter occurs. When those incidents take place, the statute provides merely for a change in the legal status of the account—"the interests of said parties in such deposit shall be as tenants in common, unless otherwise ordered by the court." The last clause, "unless otherwise ordered by the court," only enables the divorce court to provide that the interests of the parties be other than as tenants in common, *e.g.* jointly owned. The statute does not go further and explicitly give the divorce court power numerically to divide money formerly held by spouses in a joint account. When the General Assembly sets out to confer such jurisdiction on divorce courts, it accomplishes the purpose using clear, detailed language. See present Code § 20-107.3. Hence, the trial court erred in dividing, in this proceeding, the funds in question.

For these reasons, the foregoing portion of the decree appealed from is adjudged void, and to that extent only the judgment of the trial court will be reversed. This conclusion, however, shall not prejudice the rights of these parties in any subsequent proceeding outside this divorce suit to determine the ownership of the funds in question.

The case will be remanded for further proceedings upon any application which may be filed for merger of the divorce from bed and board into a divorce from the bonds of matrimony.

*Reversed and remanded.*