## Richmond
EUGENE FRANK FITCHETT

v.

BETTY JANE COLONNA FITCHETT

No. 0968-87-2

Decided July 19, 1988

COUNSEL

Daniel Hartnett (Ayres & Hartnett, on brief), for appellant.

Robert B. Phillips, for appellee.

OPINION

**BAKER, J.** — Eugene Frank Fitchett (appellant) appeals from that portion of a divorce decree entered on June 18, 1987 in the Circuit Court of Northampton County which dealt with temporary possession and the sale of the jointly owned marital residence of the parties. Appellant asserts that the decree erroneously deferred the sale of the jointly owned real property to accommodate what the trial judge felt were the equities of the parties and made a percentage division of the proceeds from the sale of the property.

This suit for divorce was instituted by Betty Jane Colonna Fitchett (appellee). In the prayer of her suit she requested that she be "awarded exclusive use and possession of the family residence during the pendency of the suit" and "equitable division and distribution of the marital properties." Appellant also sought "equitable distribution of marital property." Neither specifically requested partition.

The final decree of divorce contained the following provisions:

[t]hat the Complainant be, and she hereby is, awarded exclusive possession of the real estate owned jointly by the parties near the Town of Exmore, Northampton County, Virginia, which served as the marital residence of the parties, until

January 1, 1990, the parties to share the expense of real estate taxes on said property until such time; that, as soon after January 1, 1990 as is practical, it is directed that said real estate be sold by such special commissioners as may be appointed by this Court for that purpose and the proceeds therefrom split between the parties on a basis of Sixty per cent (60%) of such proceeds to the Complainant and Forty per cent (40%) of such proceeds to the Respondent, the Ten per cent (10%) of such proceeds being taken from the share of the Respondent and added to the share of the Complainant being in the form of an additional award to the Complainant from the Respondent pursuant to *Code of Virginia*, 1950, §20-107.3, as amended. . . .

The record contains findings to support the grounds for divorce; however, it contains no finding by the trial court to justify partition by sale.

■ At common law courts of equity were empowered to partition land in kind; however, until the adoption of Code §§ 8.01-81 through 8.01-93 and their predecessors, courts did not possess jurisdiction to order the sale of land, *Leonard v. Boswell*, 197 Va. 713, 718, 90 S.E.2d 872, 875 (1956), as there is no inherent jurisdiction in equity to order sale of land. *Sensabaugh v. Sensabaugh*, 232 Va. 250, 256, 349 S.E.2d 141, 145 (1986). Code § 20-107.3 authorized partition as part of the divorce proceeding.

■ In *Sensabaugh*, the Court reviewed the procedures set forth in statutes.

We have repeatedly held that a court has no power to order the sale of property without first determining that partition in kind *cannot* be conveniently made and then determining that sale will be in the best interest of all the parties.

* * *

"We have held in numerous cases that these statutes create and confer special statutory jurisdiction upon courts of equity for the partition and sale of land. Failure to substantially comply with the provisions of the statutes is fatal to the

proceedings. Equity has no inherent jurisdiction to order a sale of land for the purpose of partition. *'Prima facie* each party is entitled to actual partition. . . .' "

> *The authority of the court to allot or to sell land in a partition suit is predicated upon its being judicially determined from the record that "partition cannot be conveniently made."* The existence of this fact must be determined by the court before ordering the sale or allotment.

*Id.* at 256, 258, 349 S.E.2d at 145 (quoting *Cauthorn v. Cauthorn*, 196 Va. 614, 619, 85 S.E.2d 256, 259 (1955)) (emphasis in original). In the case before us no such determination was made. Thus, the trial court could not *sua sponte* order the sale of the parties' jointly owned real property. Code § 20-107.3 authorizes partition in the divorce proceeding rather than require a separate action; it does not however change the requirements for obtaining partition.

> As we have often said, jurisdiction in divorce suits is purely statutory. Such jurisdiction of a court of equity does not inherently extend to the disposal of the personal property of the husband. And even though the court has jurisdiction of both the subject matter and the parties, a decree may nevertheless be void if "the character of the judgment was not such as the court had the power to render, or [if] the mode of procedure employed by the court was such as it might not lawfully adopt."

*Watkins v. Watkins*, 220 Va. 1051, 1054, 265 S.E.2d 750, 752 (1980) (quoting *Anthony v. Kasey*, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)) (citations omitted). For this reason the challenged portion of the decree appealed from is invalid.

Appellee asserts that if the property in question were sold in the ordinary course of a partition suit she and the children would effectively lose their home and would have to live in a different environment from which they were accustomed. The same possible inequitable condition was true prior to the enactment of Code § 20-107.3 and that section contains no curative provisions for such circumstances. Because equity has no inherent power to alter the partition statutes, such issues must be addressed to the legislature

not the courts. Moreover, if the trial courts were permitted to defer suits for partition, rights granted in Code § 8.01-93 requesting immediate partition would be denied to the party.

■ Where the trial court is empowered to order partition the court has no right to defer such action but must conduct the procedure in the ordinary course of managing its docket. The applicable divorce statute, Code § 20-107.3, does not contain provisions directing how partition shall be conducted; therefore the procedures for distribution of the property and/or the proceeds of its sale, as disclosed by the partition statutes, Code § 8.01-81 *et seq.*, and court decisions interpreting those statutes, must be followed. *See Morris v. Morris*, 3 Va. App. 303, 310, 349 S.E.2d 661, 665 (1986).

For the reasons stated, the trial court erred in ordering a partition sale and to that extent the judgment of the trial court will be reversed. This conclusion, however, shall not prejudice the rights of the parties in any subsequent proceeding relevant to partition or monetary award.

*Reversed and remanded.*

Benton, J., and Cole, J., concurred.