**Alexandria**

CLYDE S. STROOP

v.

MARY M. STROOP

No. 0033-89-4

Decided July 24, 1990

COUNSEL

Gregory A. Porter, for appellant.

Charlton E. Gnadt, Jr. (Gnadt and Kaufmann, Ltd., on brief), for appellee.

OPINION

**BAKER, J.**—Clyde A. Stroop (husband), sometimes referred to as the defendant/cross-complainant, appeals from a decree of divorce *a vinculo matrimonii* entered on February 9, 1988 by the Circuit Court of Prince William County (trial court) which dissolved his marriage with Mary M. Stroop (wife), sometimes referred to as the complainant/cross-defendant. He objects to the following provisions contained in the decree:

> (1) The *Dickerson (sic) County* property was the sole and separate property of the Complainant/Cross-Defendant, and the Defendant/Cross-Complainant, has no further interest in said property, to which finding the Defendant/Cross-Complainant notes his exception.
> (2) Complainant/Cross-Defendant, Mary M. Stroop, is entitled to a *monetary award* in the amount of $10,000.00, to which the Defendant/Cross-Complainant notes his exception.

(3) Defendant/Cross-Complainant shall transfer all of his rights and interest in the *marital home* to Complainant/ Cross-Defendant, Defendant/Cross-Complainant noting exception thereto, including all provisions hereinbelow. In the event that Complainant/Cross-Defendant elects to sell the marital home, then, upon the sale thereof, all proceeds realized therefrom shall be equally divided between Complainant/Cross-Defendant and Defendant/Cross-Complainant after the $10,000.00 monetary award hereinabove provided is reduced from the proceeds and transferred to Complainant/ Cross-Defendant. In the event that Complainant/Cross-Defendant elects to retain possession of the said marital home, Complainant/Cross-Defendant shall be responsible for all payments on the First Trust and shall hold Defendant/Cross-Complainant harmless from same. Defendant/Cross-Complainant, as and for his interest in the marital home is awarded the sum of $18,500.00, said amount being an impressed trust on the marital property until such time as all payments due and owing to Defendant/Cross-Complainant under the impressed trust have been paid in full by Complainant. Interest of the $18,500.00 trust amount shall accrue at the rate of nine percent (9%) per annum, simple interest. Complainant/Cross-Defendant shall make payments to Defendant/Cross-Complainant in the amount of $138.75 per month towards the impressed trust. Said monthly payments are to be made in this amount until such time as the minor child of the parties, Patricia Stroop, attains the age of eighteen (18) years, or, if she is enrolled in high school, on her eighteenth birthday, until such time as she graduates from high school or attains the age of nineteen (19) years, whichever occurs first. Upon the occurrence of the above stated events or in the event that Complainant/Cross-Defendant remarries, payments due pursuant to the trust arrangement shall increase to the amount of $250.00 per month and shall continue until such time as the obligation is paid in full to Defendant/Cross-Complainant. (emphasis added).

In lieu of a transcript, a statement of facts certified by the trial court is contained in the record. The parties agreed that the certified statement is accurate.

On appeal, wife's counsel questions whether husband has properly preserved the issues he presents in this appeal. We have examined the record and find that husband's appeal is not barred by Rule 5A:18.

## I. *The Dickenson County Property*

The parties married on October 9, 1970, in Manassas, Virginia. By deed dated November 26, 1982, approximately 31¼ acres of land located in Dickenson County (county property) was conveyed to wife "as and for her sole and equitable estate, free from any . . . claims (of) any present or future husband . . . as if a femme sole." The deed disclosed that the consideration for the purchase was $3,500 cash plus wife's assumption of the balance due on a $7,000 note secured by a deed of trust on the property being conveyed.[1] The deed further recited that wife pay the grantors $2,100 "within one year" of the date of the signing of the deed. The $3,500 cash was paid by $1,300 at settlement and an additional $2,200 within two years thereafter. In addition, until three months prior to the sale to her brother, wife paid $113 each month toward the balance assumed. The record does not show how much of this monthly payment was applied to principal; however, husband testified that the balance due in July 1987 was $4,300.

By deed dated July 6, 1987, wife, "as Femme Sole," conveyed the county property to her brother. The deed recites that the conveyance was made for the sum of $10 plus brother's assumption of the balance of $4,290.10 due on the deed of trust note. Wife testified that she conveyed the county property because she had become three payments in arrears on the deed of trust note and her husband had told her that he did not want anything to do with the property. Husband requested that the trial court declare the property to be marital, determine its value and include the sum in its consideration of equitable distribution. He submitted a Dickenson County tax bill which rated the fair market value of the property as $9,400, and then testified that the balance due on the deed of trust note was $4,300, resulting in the county property having a net value of $5,100.

All property acquired by either spouse during the marriage is presumed to be marital property in the absence of satisfactory

---

[1] The record does not reveal the balance remaining at that time.

evidence that it is separate property. *Rexrode v. Rexrode*, 1 Va. App. 385, 392, 339 S.E.2d 544, 548 (1986). The party claiming that property should be classified as separate has the burden to produce satisfactory evidence to rebut this presumption. *Id.* The fact that the county property was titled in wife's name as a *femme sole* does not place the property beyond classification as marital property. There is no evidence that the property was purchased with separate funds. Rather, wife admitted using money that she earned during the marriage to purchase and make payments on the county property. Income thus generated is marital property, and property purchased with such funds is marital. *Id.* Accordingly, we find that it was error to classify the county property as separate property.

■ Although the record discloses that the Dickenson County property was transferred from wife to her brother approximately eight months before institution of the divorce suit, the parties did not contest, and the trial court was not required to decide, whether a transfer of title to property to a third party for less than adequate consideration, made shortly before a divorce suit, removes the value of the property from the estate of the transferor for purposes of equitable distribution under Code § 20-107.3. Because the property had been conveyed from wife for less than adequate consideration, both parties treated it as owned by wife for equitable distribution purposes and the parties only contested the trial court's classification of it as wife's separate property. Since we hold that the property must be classified as marital, the trial court must on remand determine its value, as it was required to do for separate property, and reconsider whether that value alters its decision to grant a monetary award or the amount thereof, taking into consideration the factors of Code § 20-107.3(E), including consideration of the parties' "contributions, monetary and non-monetary . . . in the acquisition and care and maintenance of such marital property . . . ." Code § 20-107.3(E)(2). If the trial court finds that there has been a dissipation of a marital asset of value then that value must be added to the marital estate and the monetary award must be reevaluated consistently with the provisions of Code § 20-107.3 and this opinion.

While there is evidence in the record which attributes no value to the county property, there is other credible evidence indicating that its value may be approximately $5,100. The record does not

reveal a finding by the trial court as to the property value, nor does it reflect that it was considered in making the monetary award as required by the Code. Code § 20-107.3 requires trial courts to determine the value of *all* property, then consider which is separate and which is marital.

## II. *The Marital Residence*

■ The marital residence was jointly owned. After deducting the balance due on a deed of trust note, the property had a net value of $57,000. Code § 20-107.3(C) provides a means for the trial court to transfer ownership or dispose of jointly owned property. In its decree, the trial court elected to use the Code provision which empowers it to allow one of the parties to purchase the other's interest and direct the allocation of the proceeds, if the purchaser assumes any indebtedness secured by the property. As previously shown herein, the trial court devised an elaborate means for wife to acquire husband's interest in the marital residence while deferring receipt by husband of the sum due him from that transfer. Code § 20-107.3, which authorizes the transfer, does not empower the trial court to require the transferor to await payments at some future date, and we do not interpret the words "and direct the allocation of the proceeds" to grant such power. Jurisdiction in divorce suits is purely statutory, and it cannot be acquired by the courts inferentially or through indirection. *Johnson v. Johnson*, 224 Va. 641, 645, 299 S.E.2d 351, 353-54 (1983). When the General Assembly confers jurisdiction on divorce courts, it accomplishes the purpose using clear, detailed language. *Id.* Prior to the enactment of Code § 20-107.3, divorce courts could not compel one spouse to transfer his or her interest in property to the other. There is no clear language in Code § 20-107.3 which empowers divorce courts either to impress a trust against the property being transferred or to delay payment to the transferor of the monies due for the interest one spouse is required to convey. A divorce court's judgment must not exceed the power given it, nor may it claim inherent power to employ a mode or procedure which is not clearly provided by law. *See Watkins v. Watkins*, 220 Va. 1051, 1054, 265 S.E.2d 750, 752-53 (1980); *see also Woolley v. Woolley*, 3 Va. App. 337, 342, 349 S.E.2d 422, 425 (1986). Even though the divorce court has jurisdiction of both the parties and the subject matter, its decree may nevertheless be void if the character of the judgment was beyond its power to

render, or if the mode of procedure employed by the court was such as it might not lawfully adopt. *Fitchett v. Fitchett*, 6 Va. App. 562, 565, 370 S.E.2d 318, 319 (1988).

### III.  *The Monetary Award*

Because this matter must be remanded to the trial court for further consideration consistent with this opinion, the monetary award must also be set aside and be reconsidered in light of the findings as directed herein.

For the reasons stated, the findings of the trial court relating to the three issues stated above are reversed and this cause is remanded for consideration consistent with this opinion.

*Reversed and remanded.*

Coleman, J., and Duff, J., concurred.