## CIRCUIT COURT OF FAIRFAX COUNTY

Jefferson

v.

Jefferson

## March 10, 1992

## Case No. (Chancery) 120990

BY JUDGE THOMAS J. MIDDLETON

This matter arises out of a divorce action and came to be heard at an equitable distribution hearing.

*Facts*

Husband filed for divorce on April 26, 1991, and served his out-of-state wife by order of publication. The Bill of Complaint prayed for divorce and:

> That upon the entry of a decree of divorce . . . the court determine the legal title, ownership, and value of all property of the parties, and which of such property is separate or marital property; and that the court grant unto the Complainant a monetary award, and/or direct the conveyance of joint property or partition or sale thereof, pursuant to § 20–107.3, Code of Virginia, 1950 (as amended), as the court may deem appropriate upon consideration of the various factors enumerated therein . . . .

The wife never answered or appeared and received no further notice of any proceedings. On February 20, 1992, this court conducted an equitable distribution hearing at which the husband asked that the wife's interest in the marital home be transferred to him. The request was partly based on the fact that he had made mortgage payments on the home since the date of separation, and that, therefore, the wife

owed him a debt which could be satisfied by a transfer of her interest in the home. The marital home is located in Virginia.

## Discussion

The issues before the court are (1) whether the court has jurisdiction to conduct an equitable distribution hearing at all, and (2) if so, whether it can transfer the wife's interest in the marital home to the husband.

I. *The court has in rem jurisdiction to conduct an equitable distribution hearing subject to constitutional limitations.*

This court does not have personal jurisdiction over the wife. Service by order of publication confers *in rem* jurisdiction only. *Cranford v. Hubbard*, 208 Va. 689, 691 (1968); *Morris v. Morris*, 4 Va. App. 539, 544 (1987). Had defendant been properly served under Virginia's long-arm statute, she would be subject to jurisdiction under Va. Code § 8.01–328.1(9), which provides that a court may exercise personal jurisdiction over a nonresident as to a cause of action arising from that person's "having maintained within this Commonwealth a matrimonial domicile at the time of the separation." However, the statute specifically requires that service of process under Subsection (9) be effected "by a person authorized under the provisions of § 8.01–320." Since the wife was not served by any authorized person, the court does not have personal jurisdiction over her under Subsection (9). *See, Morris v. Morris*, 4 Va. App. at 542–43.

Without personal jurisdiction over the defendant, the court cannot constitutionally adjudicate personal rights or obligations. *Pennoyer v. Neff*, 95 U.S. 714 (1877). For this reason, a court cannot adjudicate an obligation to pay support in an *in rem* divorce proceeding. *Bray v. Landergren*, 161 Va. 699, 708 (1934). It can, however, decree a divorce. *Boyd v. Boyd*, 2 Va. App. 16 (1986). And it can validly deal with property of the nonresident within its borders as provided by its statutes, even though service is only by publication and the nonresident party has not appeared. 24 Am. Jur. 2d *Divorce and Separation* § 954 (citing *Wilson v. Andrew*, 213 Tenn. 173, 375 S.W.2d 650 (1964)).

Because a court proceeding in rem adjudicates conflicting claims to local property . . . due process does not require the

court to summon . . . all those whose interests might be affected by the judgment. J. Friedenthal, M. Kane & A. Miller, *Civil Procedure* § 3.8 (1985).

The equitable distribution statute, Va. Code Section 20–107.3(A) (Supp. 1991), gives the court authority, "upon decreeing a divorce . . . upon the request of either party" to:

determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property . . . .

With regard to property within the state, the court has *in rem* jurisdiction to conduct an equitable distribution hearing. *See, In re Marriage of Hudson*, 434 N.E.2d 107, 113, n. 3 (Ind. App. 1982).

II. *The court does not have jurisdiction to transfer the wife's entire interest in the marital home to the husband.*

Va. Code § 20–107.3(C) (Supp. 1991) provides that the court may, based upon factors enumerated in Subsection (E), "order the division or transfer, or both, of jointly-owned marital property." Va. Code § 20–107.3(C) (Supp. 1991). Subsection (C) allows the court to partition jointly-owned marital property at the equitable distribution hearing instead of bringing a separate partition suit under Va. Code § 8.01–81 *et seq. Fitchett v. Fitchett*, 6 Va. App. 562, 565 (1988). A partition proceeding is properly characterized as an *in rem* proceeding. Friedenthal, Kane & Miller at sect. 3.8 (citing *Freeman v. Alderson*, 119 U.S. 185 (1886)). Since it is an *in rem* proceeding, the court may partition the marital home even without personal jurisdiction over the wife. However, for reasons set forth below, it may not allot the entire home to the husband.

At common law, courts of equity were empowered to partition land in kind but had no jurisdiction to order the sale of land or to allot the land to one party. *Fitchett v. Fitchett*, 6 Va. App. at 565. The court may, therefore, award the home to the husband only if it has statutory authority to do so; failure to substantially comply with the provisions of the statute is fatal to the proceedings. *Id.* at 564–65. Prior to 1988, the trial judge was not statutorily authorized in a divorce proceeding to assign, allot, or divide jointly titled marital property except pursuant to the partition statute, Va. Code § 8.01–81

*et seq.*, *Gaynor v. Hird*, 11 Va. App. 588, 400 S.E.2d 788 (1991) (citing *Morris v. Morris*, 3 Va. App. at 309–10). As the Court of Appeals stated in *Fitchett*, 6 Va. App. at 566:

> The applicable divorce statute, [former] Code Section 20–107.3, does not contain provisions directing how partition shall be conducted; therefore, the procedures for distribution of the property and/or the proceeds of its sale, as disclosed by the partition statutes, Code § 8.01–81 *et seq.*, and court decisions interpreting those statutes must be followed.

In 1988, the same year as the *Fitchett* decision, the General Assembly amended Va. Code § 20–107.3 to provide specific directions as to how partition was to be conducted in a divorce action.

Va. Code § 20–107.3(C) now provides three methods by which a court may divide or transfer jointly-owned marital property at an equitable distribution hearing. The court may:

> (i) order the transfer of real or personal property or any interest therein to one of the parties, (ii) permit either party to purchase the interest of the other and direct the allocation of the proceeds, provided the party purchasing the interest of the other agrees to assume any indebtedness secured by the property, or (iii) order its sale by private sale by the parties, through such agent as the court shall direct, or by public sale as the court shall direct without the necessity for partition.

In the event a party "fails to comply with an order of division or transfer or both," the court is authorized to "divide or transfer the jointly-owned marital property" on its own. Va. Code § 20–107.3(C) (Supp. 1991).

The husband has asked the court to award the wife's interest in the marital home to him. This it cannot do. The court cannot proceed under Subsection (i) and order the wife to transfer the property, since it does not have personal jurisdiction over her. And, under the provisions of Va. Code § 20–107.3(C), it cannot transfer the property on its own unless she has failed to comply with an order. Furthermore, her debts are personal obligations which cannot be adjudicated without personal jurisdiction over her. The court is therefore without jurisdiction to make an award based on debts she may owe her husband.

For all the foregoing reasons, the court has no jurisdiction to award the entire marital home to the complainant-spouse.