COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick


ELIZABETH JANE McMILLIAN HENDRICK

v.   Record No. 1957-95-3              MEMORANDUM OPINION*
                                           PER CURIAM
HOWARD BENTON HENDRICK                   MARCH 12, 1996


                                    FROM THE CIRCUIT COURT OF
CARROLL COUNTY
                   Duane E. Mink, Judge

            (Edwin C. Stone; Stone, Harrison, Turk &
            Showalter, on brief), for appellant.

            (Alan K. Caudell; Neff & Caudell, on
            brief), for appellee.


      Elizabeth Jane McMillian Hendrick (wife) appeals the

equitable distribution decision of the circuit court.  Wife

raises the following issues on appeal:  (1) whether the trial

court erred by granting wife thirty-eight percent of the pension

benefits payable to Howard Benton Hendrick (husband); (2) whether

husband's share of the equitable distribution award should have

been reduced to compensate wife for pension payments husband

received during the parties' separation; (3) whether the court

erred in reducing wife's share of the equitable distribution

award by the amount of note repayments she received during the

parties' separation; and (4) whether the court abused its

discretion in allowing husband to pay the monetary award over a

      *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

six-year period, without interest. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

### Pension Share

The commissioner recommended that wife receive thirty-eight percent of husband's monthly pension payments. The trial court accepted the commissioner's recommendation, noting that, based upon actuarial life expectancy tables, wife "is expected actuarily [sic] to receive more pension benefits than [husband]." In addition, the amount received by husband was already reduced by an unspecified amount because husband elected to receive his pension in a form that provided wife with a survivor's benefit. The court awarded husband no interest in wife's pension benefits.

The commissioner found that husband had retired in 1991 and was not likely to become reemployed, while wife "appears able to

2

continue her employment." Based upon husband's monthly pension benefit of approximately $2,000 at the time of the hearing, wife was entitled to receive $760 a month. The court was not required to divide the pension in equal parts, as there is no statutory presumption of equal distribution of marital property. See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986). We cannot say the trial court's decision to award wife thirty-eight percent of husband's pension was either plainly wrong or unsupported by the evidence.

### Pension Payments Received During Separation

Husband voluntarily endorsed his Social Security checks to wife during the separation period, resulting in a total payment to wife of $26,592 through October 31, 1994. The court found that wife had a claim to husband's pension, which the parties agreed was marital property, and that husband had made payments to wife sufficient to satisfy her share. We find no error in the trial court's decision.

### Reed Note

Similarly, wife received $10,144 in payments on the Reed note, which the parties acknowledged was marital property, during the parties' separation. No portion of those payments was distributed to husband. We find no error in the trial court's decision to count the value of the payments received by wife against the monetary award.

### Monetary Award

3

Finally, Code § 20-107.3(D) expressly authorizes the trial court to make a monetary award "payable either in a lump sum or over a period of time in fixed amounts." The statute also authorizes the trial court to use its discretion in determining whether to award interest, stating that "[t]he provisions of § 8.01-382, relating to interest on judgments, shall apply <u>unless the court orders otherwise</u>." Code § 20-107.3(D) (emphasis added). <u>Stroop v. Stroop</u>, 10 Va. App. 611, 616-17, 394 S.E.2d 861, 863-64 (1990), cited by wife, dealt with court-ordered transfers of property under Code § 20-107.3(C) and is inapposite. We find no grounds for reversing the trial court's decision to order the monetary award payable over six years without interest.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>