COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Clements
Argued at Alexandria, Virginia


THOMAS J. DOUGHERTY

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0213-09-4            JUDGE JEAN HARRISON CLEMENTS
                                          OCTOBER 6, 2009
SHARON M. DOUGHERTY


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

John K. Cottrell (Cottrell, Fletcher, Schinstock, Bartol & Cottrell,
P.C., on briefs), for appellant.

Sharon Dougherty, *pro se*.


Thomas J. Dougherty (husband) appeals from an order modifying the final decree of

divorce.  Husband argues that the trial court erred in (1) finding that husband's interests in the

Springfield M-1 and Des Moines M-1 partnerships were marital property and not husband's

separate property; (2) adopting the opinion of the wife Sharon M. Dougherty's expert regarding the

value of husband's partnership leases, when such value was speculative and founded upon

assumptions which were not supported by the evidence; and (3) not adopting the opinion of

husband's expert regarding the value of husband's partnership leases.  Finding no error, we affirm

the trial court's decision.

## BACKGROUND

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

The parties married on February 1, 1991, and they separated in March 2006.

In 1989, prior to the marriage, husband and another individual formed a partnership called Libmot Communications Partnership (Libmot). Libmot's purpose was to apply for broadband radio service (BRS) licenses and lease them to wireless cable operators.

During the marriage, husband created additional partnerships to acquire BRS licenses. Husband and wife stipulated that two of those partnerships, Idaho Falls Wireless Partnership and Springfield One Partnership, were marital property. Husband started two other partnerships, Springfield M-1 Partnership and Des Moines M-1 Partnership, during the marriage. Husband contends these partnerships are his separate property, while wife argues that they are marital property.

The trial court initially held that the Springfield M-1 and the Des Moines M-1 partnerships were husband's separate property because they were funded by Libmot, which was husband's separate property. Wife filed a motion to reconsider the classification of Libmot and the Springfield M-1 and Des Moines M-1 partnerships. Wife argued that the Springfield M-1 and Des Moines M-1 partnerships were marital because they were established during the marriage. The trial court agreed with wife and modified the final decree, holding that the Springfield M-1 and Des Moines M-1 partnerships were marital property.[1] Husband timely noted his appeal.

---

[1] The trial court did not reconsider its opinion regarding the classification of Libmot and held that Libmot was husband's separate property. The classification of Libmot is not at issue on appeal.

ANALYSIS

Issue 1 – Classification

Husband argues that the trial court erred in classifying the Springfield M-1 and Des Moines M-1 partnerships as marital property.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

In late 1991, husband became a twenty percent owner in the Des Moines M-1 Partnership. In 1992, husband became a twenty percent owner in the Springfield M-1 Partnership. Libmot paid the FCC license fees on behalf of the Des Moines M-1 and Springfield M-1 partnerships. Aside from husband's testimony regarding the contributions made by Libmot, husband offered no further evidence of his contributions toward the Des Moines M-1 and Springfield M-1 partnerships.

Initially, the trial court found that the Springfield M-1 and Des Moines M-1 partnerships were husband's separate property. However, upon wife's motion for reconsideration, the trial court held that the partnerships were marital property. The trial court stated that "when the partnerships were formed during the marriage, the instant they're formed [sic] they're marital property."

"'All property acquired by either spouse during the marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property. The party claiming that property should be classified as separate has the burden to produce satisfactory evidence to rebut this presumption.'" Stratton v. Stratton, 16 Va. App. 878, 882, 433 S.E.2d 920, 922 (1993) (quoting Stroop v. Stroop, 10 Va. App. 611, 614-15, 394 S.E.2d 861, 863 (1990)). Therefore, the Springfield M-1 and Des Moines M-1 partnerships were presumed to be marital property, and husband had the burden to prove they were his separate property.

Separate property is "all property, real and personal, acquired by either party before the marriage . . . [and] all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property." Code § 20-107.3(A)(1). Husband argues that the Springfield M-1 and Des Moines M-1 partnerships are his separate property because funds from Libmot, his separate property, were used in exchange for his acquisition of the partnerships.

Wife contends husband did not present any evidence that the partnerships were acquired in exchange for or from proceeds of the sale of Libmot. She argues that Libmot's payment of the filing fees for the licenses acquired by the partnerships is not the equivalent of Libmot being exchanged for or sold to pay for husband's interest in the partnerships.

An exchange is defined as "the act of transferring interests, each in consideration of the other," and a sale is defined as "the transfer of property or title for a price." Black's Law Dictionary 645, 1454 (9th ed. 2009). We conclude there was no "exchange" or "sale" between Libmot and the Springfield M-1 and Des Moines M-1 partnerships.

Libmot is a partnership, which is a separate legal entity from husband. When Libmot paid the FCC license fees on behalf of the Springfield M-1 and Des Moines M-1 partnerships, Libmot did not receive anything in return. The license fees were owned not by Libmot, of which husband was one of two partners, but by the Springfield M-1 and Des Moines M-1 partnerships, of which husband was one of five partners. Both before and after Libmot paid the FCC license fees, husband's interest in Libmot remained at fifty percent, and his interest in the Springfield M-1 and Des Moines M-1 partnerships remained at twenty percent.

Husband argues that Libmot's purchase of the FCC license fees is similar to the stock pledge made by the husband in Gilman v. Gilman, 32 Va. App. 104, 526 S.E.2d 763 (2000). In Gilman, the husband pledged his separate shares of stock as security for a loan for a down

payment and argued that his interest in the property was separate because the stock pledge was in exchange for the loan proceeds. Id. at 117-18, 526 S.E.2d at 769-70. The wife argued that since the bank never obtained title to the shares of stock, there was no exchange and the property was marital. Id. at 117, 526 S.E.2d at 769. This Court held that a stock pledge was an exchange as contemplated by Code § 20-107.3(A)(1), and ruled, "Where no marital property, effort, or credit is involved, a stock pledge is simply a method to use separate property to acquire additional property. We see no equitable rationale for classifying property acquired in this manner as marital property." Id. at 118-19, 526 S.E.2d at 770. However, unlike Gilman, there was no exchange in this case. Husband did not exchange or sell his interest in Libmot to acquire an interest in the Springfield M-1 and Des Moines M-1 partnerships.

Therefore, husband did not rebut the presumption that the Springfield M-1 and Des Moines M-1 partnerships were marital property, and the trial court did not err in classifying them as marital property.

### Issues 2 and 3 – Valuation

Husband argues that the trial court erred in accepting the opinion of wife's expert, as opposed to his expert's opinion, on the valuation of the Springfield M-1 and Des Moines M-1 partnerships. Husband contends that wife's expert relied on speculative assumptions and assumed facts that were not in evidence.

A court may "choose among conflicting assessments of value as long as its finding is supported by the evidence." McDavid, 19 Va. App. at 413, 451 S.E.2d at 718.

Here, wife's expert explained in detail the methodology he used and how he valued the Springfield M-1 and Des Moines M-1 partnerships. He also testified as to why he disagreed with husband's expert's opinion and assumptions. The trial court adopted the opinion of the wife's expert, and the evidence is sufficient to support the trial court's finding.

Attorney's fees

Husband asks this Court to award him attorney's fees and costs incurred on appeal.  <u>See</u>

<u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  On consideration

of the record before us, we decline to award husband his attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

<u>Affirmed.</u>