# COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges Malveaux and Causey
Argued at Richmond, Virginia

JAMIE SCOTT BEARDSLEY

MEMORANDUM OPINION[*] BY
v.      Record No. 0806-22-2      JUDGE MARY BENNETT MALVEAUX
JULY 5, 2023

LINDSAY MARIE TOLEN

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Alexandra D. Bowen (Adrienne C. Fleming; Bowen Ten, P.C., on
brief), for appellant.

M. Donette Williams (James M. Goff II; James M. Goff II, P.C., on
brief), for appellee.

The circuit court awarded Lindsay Marie Tolen ("wife") a divorce from Jamie Scott

Beardsley ("husband").  The final decree resolved all issues of divorce, equitable distribution,

spousal support, child custody and visitation, child support, and attorney fees.  On appeal, husband

challenges the circuit court's rulings regarding the equitable distribution of his retirement account.

Husband asserts that he funded the account with premarital earnings.  Husband also contends that

the circuit court erred in its determination of the value of the account based upon wife's alternate

valuation date.  Finally, husband challenges the circuit court's award of attorney fees to wife.  For

the reasons that follow, we affirm the judgment of the circuit court.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

## I. BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Husband and wife married on May 24, 2014. The parties had one child born in 2014.[1] The parties formally separated on October 25, 2019. Wife filed for divorce on February 3, 2020, on the grounds of cruelty and desertion.

Before the equitable distribution hearing, wife filed a motion for an alternate valuation date of husband's retirement account LPL IRA #4765.[2] Wife asserted that LPL IRA #4765 was valued at $143,678.65 as of November 30, 2020, before husband closed the account in December 2020. Because husband closed the account during the parties' separation, wife asked that the circuit court value LPL IRA #4765 as of November 30, 2020.

At the equitable distribution hearing, the circuit court heard evidence that husband opened LPL IRA #4765 in October 2017, during the marriage, and that the account held a balance of $128,952.55 as of October 31, 2017. Husband disputed that LPL IRA #4765 was marital property, arguing that the account was funded by income he earned before the marriage with his earlier

---

[1] Wife also has an adult child, and husband has two adult children from previous relationships.

[2] The circuit court cited to the disputed retirement account as "IRA 4765[,] []also known as Pershing AQY-171160; IRA 6580; IRA 9360." The sum in dispute has been held in a number of different accounts over the course of the marriage. Husband opened IRA account number ending in 4765 with LPL Financial in October 2017. Husband later rolled these funds over to an account with Pershing Advisors in June 2018. In May of 2020, husband returned the funds to LPL Financial, account number ending in 6580. Husband transferred the funds from LPL Financial #6580 to another account with LPL Financial, #9360, in December 2020. After three separate withdrawals from this account and the withholding of state and federal taxes, the value of IRA #9360 as of June 2021 was roughly $1,800. To avoid confusion, this opinion refers to husband's disputed retirement account as "LPL IRA #4765."

employment with Nanshan Engineering. Husband presented retirement account statements to show his contributions to the account.

At the close of the hearing, the circuit court took the matter under advisement and asked the parties to submit written closing arguments. Wife argued that "[h]usband [was] attempting to trace the funds in IRA accounts in [h]usband's name as his separate property." Wife contended that husband's exhibits did not clarify the source of the funds or "the formation and origin of the monies" in LPL IRA #4765 before October 2017. Wife noted that husband failed to offer statements of the accounts from 2014, after they were married, until 2017, leaving the circuit court with "a three-year black hole . . . wherein which it would have to engage in speculation and guesswork to determine that this account was not marital." Wife further asserted that even if husband made the deposits to LPL IRA #4765 using premarital funds, husband's transfers of these funds to the newer accounts had "so commingled that the monies held originally in [LPL IRA #4765] completely lost their identity."

Husband argued that the circuit court should construe LPL IRA #4765 as his separate property, even though the account was presumptively marital. Husband asserted that the account was "funded entirely by 401k accounts funds that [he] had earned prior to the marriage." Husband argued that he had offered sufficient evidence to establish the source of the funds in LPL IRA #4765 as being 401k accounts earned from employment he had prior to his employment with Nanshan and prior to the marriage.

The circuit court issued an opinion letter ruling on the grounds of divorce, equitable distribution, spousal support, child custody and support, and attorney fees. Relevant to this appeal, the circuit court classified LPL IRA #4765 as marital property, granted wife's motion for an alternate valuation date, and assigned an alternate value of $143,678.50. The circuit court awarded

wife half of the value of the account. The circuit court also ordered husband to pay $65,000 of wife's attorney fees.

Husband filed a motion for reconsideration and a supplemental motion for reconsideration. After hearing argument on husband's motions, the circuit court denied in part and granted in part husband's motions for reconsideration and entered a final divorce decree on May 6, 2022.[3] Husband now appeals the circuit court's decision.

## II. ANALYSIS

### A. Classification of Marital Property

Husband challenges the circuit court's classification of LPL IRA #4765 as marital property. Husband does not contest that he opened LPL IRA #4765 during the marriage. Husband, however, argues that he adequately traced all funds deposited into the original LPL IRA #4765 from retirement savings he had prior to the marriage.

"[A]ll trial court rulings come to an appellate court with a presumption of correctness." *Sobol v. Sobol*, 74 Va. App. 252, 272 (2022) (alteration in original) (quoting *Wynnycky v. Kozel*, 71 Va. App. 177, 192 (2019)). "Because making an equitable distribution award is often a difficult task, 'we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case.'" *Id.* (quoting *Howell v. Howell*, 31 Va. App. 332, 350 (2000)). "[A] circuit court's 'equitable distribution award will not be overturned unless the [appellate court] finds an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award.'" *Id.* (second alteration in original) (quoting *Dixon v. Dixon*, 71 Va. App. 709, 717-18 (2020)). "In challenging the court's decision on appeal, the party seeking reversal bears the

---

[3] The circuit court granted husband's motion for reconsideration in regard to the court's calculation of child support.

burden to demonstrate error on the part of the trial court." *Id.* at 272-73 (quoting *Barker v. Barker*, 27 Va. App. 519, 535 (1998)).

"A circuit court's classification of property or debt is a finding of fact that 'will not be reversed on appeal unless it is plainly wrong or without evidence to support it.'" *Price v. Peek*, 72 Va. App. 640, 647 (2020) (quoting *Ranney v. Ranney*, 45 Va. App. 17, 31-32 (2005)).

Under Code § 20-107.3(A), the circuit court must determine "the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property, which is marital property, and which is part separate and part marital property." "All property acquired by either spouse during the marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property. . . . The party claiming that property should be classified as separate has the burden to produce satisfactory evidence to rebut this presumption." *Joynes v. Payne*, 36 Va. App. 401, 428 (2001) (quoting *Stroop v. Stroop*, 10 Va. App. 611, 614-15 (1990)).

The property subject to classification are the funds in LPL IRA #4765, which is presumptively marital property because the account came into existence in 2017, after the parties married in 2014. *See* Code § 20-107.3(A)(2)(iii) (defining marital property as "all other property acquired by each party during the marriage which is not separate property"). It was therefore husband's burden to prove that LPL IRA #4765 was "acquired . . . in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property." Code § 20-107.3(A)(1)(iii).

Husband claims that he funded the account with retirement savings earned by him prior to the marriage, thus the funds were his separate property and remained his separate property. We are unpersuaded by husband's argument and conclude that the circuit court did not err in finding that LPL IRA #4765 was marital property. As evidence that he funded LPL IRA #4765

by income he made before the marriage, husband offered statements from 2017 showing the original funds deposited into the account. However, there were no account statements prior to 2017 introduced into evidence. At trial, husband testified that these funds came from prior retirement accounts from various jobs he had before the marriage. Husband's testimony and a demonstrative exhibit summarizing his testimony as to the source of the 2017 deposits were the only evidence presented at trial in relation to the tracing of these funds to premarital sources. The circuit court was unpersuaded by his testimony. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." *Sobol*, 74 Va. App. at 272 (quoting *Anderson v. Anderson*, 29 Va. App. 673, 686 (1999)). "If credible evidence in the record supports the [circuit] court's findings, this Court 'may not retry the facts or substitute [its] view of the facts' for that of the circuit court." *Jessee v. Jessee*, 74 Va. App. 40, 50 (2021) (second alteration in original) (quoting *Armstrong v. Armstrong*, 71 Va. App. 97, 105 (2019)). Here, husband was unable to meet his burden of proof that LPL IRA #4765 was funded by separate property through his testimony. Given our deference to the fact finder, we cannot say that the circuit court erred in this regard. Accordingly, the circuit court's classification of LPL IRA #4765 as marital property was not plainly wrong, and, therefore, that classification will not be reversed on appeal.[4]

---

[4] Husband also argues that the circuit court erred in granting wife's motion for an alternate valuation date. Husband contends "the [circuit] court here did not state which date it had selected [for] valuing the account and did not give a reason for using a different valuation date for [LPL IRA #4765] and therefore must be reversed." Husband made this argument for the first time before the circuit court in his objections to the final decree of divorce. However, the objections were filed on May 31, 2022, more than 21 days after the entry of the final decree of divorce, which was entered on May 6, 2022, and thus were filed after the court had lost jurisdiction over the matter. *See* Rule 1:1. Because the circuit court was without jurisdiction to consider husband's objections at that time, we conclude that husband failed to preserve this issue for our review. *See* Rule 5A:18; *see also Coe v. Coe*, 66 Va. App. 457, 468-69 (2016) (holding that when father filed objections to the circuit court's final order more than 21 days after the entry of the order, he "did not present the circuit court with an opportunity to intelligently rule on his objections," thus his arguments were waived under Rule 5A:18).

## B. Circuit Court Attorney Fees

Finally, husband challenges the circuit court's award of attorney fees to wife, arguing that the circuit court "never stated the basis upon which it made the award." "Circuit courts have broad statutory authority to award attorney fees in a domestic relations matter." *Yazdani v. Sazegar*, 76 Va. App. 261, 272 (2022); *see also* Code § 20-99. "[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Allen v. Allen*, 66 Va. App. 586, 601 (2016) (alteration in original) (quoting *Richardson v. Richardson*, 30 Va. App. 341, 351 (1999)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." *Conley v. Bonasera*, 72 Va. App. 337, 350 (2020) (alterations in original) (quoting *McGinnis v. McGinnis*, 1 Va. App. 272, 277 (1985)). "Factors to be considered may include a party's ability to pay a fee, the party's degree of fault in bringing about the dissolution of the marriage, and whether the party unnecessarily increased litigation costs through unjustified conduct." *Rinaldi v. Rinaldi*, 53 Va. App. 61, 78 (2008) (citations omitted).

The record supports the circuit court's award of attorney fees. The circuit court explicitly stated that it had considered the parties' circumstances, as well as "all of the equities of the case" in awarding wife her attorney fees. The circuit court heard evidence regarding the financial position of the parties. The circuit court also granted wife a divorce on the grounds of cruelty and desertion. Wife's attorney submitted an affidavit and detailed itemization of the fees. Considering the totality of the circumstances, we conclude that the circuit court did not abuse its discretion in its decision to award attorney fees to wife.

## C. Appellate Attorney Fees and Costs

Finally, wife requests an award of attorney fees and costs incurred in this appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary."

*Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)).  In making such a determination, the Court considers "all the equities of the case."  Rule 5A:30(b)(2)(C).  After considering the record before us and all the equities of the case, we deny wife's request for appellate attorney fees and costs.

### III.  CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed*.