Richmond

## KAREN L. WEST

v.

## GLADYS KING

February 29, 1980.

Record No. 780527.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff, and Compton, JJ.

(*Diane Lynch Abdelnour; Smith and Abdelnour,* on briefs), for appellant.

(*Donald R. Taylor,* on brief), for appellee.

Case submitted on briefs.

PER CURIAM.

The controlling question in this case is whether a juvenile court, and hence a circuit court on appeal, has jurisdiction to award a grandparent visitation privileges with a grandchild over the objection of the child's custodial parent.

The question arose in this situation:

On August 30, 1976, Karen L. West (formerly King), natural mother of David M. King, II, was awarded a final divorce from David's natural father. In the divorce proceeding, the mother was awarded custody of David, and the father was ordered to support him. The father, however, has left the state and provides no support for David.

On May 5, 1977, Gladys King, David's paternal grandmother, served upon the mother a notice that on May 24, 1977, the grandmother would move the juvenile and domestic relations district court for entry of an order permitting her "to have visitation rights" with David, who was then four years old. On July 12, 1977, the court denied the grandmother's "[v]isitation request," and she appealed to the circuit court.

By order entered February 24, 1978, the circuit court awarded the grandmother "temporary limited visitation" with David, the visits to occur "on the second and fourth Friday of each month from 12:00 Noon on Friday to 6:30 P.M. on Saturday." The mother is here on an appeal from the circuit court's order.

Testifying in circuit court, the grandmother stated that she had maintained a close relationship with David since his birth. For a period of two months, she said, David and his mother had lived with her, but the arrangement terminated because she disapproved of the mother's activities. The grandmother emphasized that she sought only visitation with, not custody of, David.

The mother testified and voiced her strong opposition to the grandmother's visitation with David. She had started a new life for herself, the mother said, and did not want her former husband's family included. She suffered great upset, the mother stated, when David visited his grandmother, and, after the visits, he was "very stubborn and harder to manage."

On her appeal here, the mother contends that "[n]either the Juvenile Court nor the Circuit Court had jurisdiction to order visitation by [the grandmother] over [the mother's] objection." At common law, the

mother argues, a grandparent had no rights of visitation with a grand-child, and no Virginia statute confers such a right.

The grandmother contends, however, that a Virginia statute, Code § 16.1-241, does vest a juvenile court, and hence a circuit court on appeal, with jurisdiction to order grandparental visitation. In pertinent part, § 16.1-241 provides:

"[E]ach juvenile and domestic relations district court shall have . . . exclusive original jurisdiction . . . over all cases, matters and proceedings involving:

"A. The custody, visitation, support, control or disposition of a child:

\* \* \*

"3. Whose custody, visitation or support is a subject of con-troversy or requires determination. . . ."

The grandmother says that the "plain language" of this statute "does not restrict the jurisdiction of the court to disputes regarding custody and visitation between parents." The language of the statute is broad enough, the grandmother asserts, to vest "juvenile and circuit courts [with] jurisdiction to determine any question of visitation where there [is] a controversy," whether between parents or between parent and grandparent.

We agree with the grandmother that the language of § 16.1-241 (A) (3) is broad, but we believe that therein lies its fatal weakness to accomplish the result she seeks in this case. As between a parent who has been awarded custody of a child, on the one hand, and, on the other, third persons, including grandparents, the rights of the cus-todial parent are paramount; the parent has the authority to control the child and to determine with whom it visits. If these rights are to be derogated by a grant of jurisdiction purporting to permit the award of grandparental visitation privileges despite the custodial parent's ob-jection, then the grant should be specific, reflecting the legislative intent in unambiguous language.*

---

* For an example of the specificity required, see former Code § 16.1-158.1, which was adopted in 1972 but repealed in 1977 by the same act that adopted § 16.1-241, upon which the grandmother relies here. Acts 1977, c. 559. In pertinent part, § 16.1-158.1 provided:

"[The juvenile] court shall have jurisdiction upon petition, to hear and deter-mine, in cases where either the father or mother of an unmarried minor child is deceased, whether the parents of such deceased person may be granted

In our opinion, the language of § 16.1-241(A)(3) is completely inadequate to confer jurisdiction to award the visitation privileges sought by the grandmother here. For this reason, the order of the trial court will be reversed, and the grandmother's motion will be dismissed.

*Reversed and dismissed.*

---

reasonable visitation privileges to such child during its minority, upon a finding by the court that such visitation privileges would be in the best interests of the minor child, the court may so order and have the power to enforce, or upon cause shown, revoke, such order."