JUSTICE HASSELL, with whom JUSTICE KINSER
joins, dissenting in part and concurring in result.
I.
I dissent, in part, because I believe that Code § 20-124.2(B), as applied in this proceeding, violates the Fourteenth Amendment of the United States Constitution. I note that only three members of this Court agree with the judgment of the Court of Appeals as modified.
n.
Code § 20-124.2(A) states in part:
*23 “In any case in which custody or visitation of minor children is at issue, whether in a circuit or district court, the court shall provide prompt adjudication, upon due consideration of all the facts, of custody and visitation arrangements, including support and maintenance for the children, prior to other considerations arising in the matter. . . . The procedures for determining custody and visitation arrangements shall insofar as practical, and consistent with the ends of justice, preserve the dignity and resources of family members. ...”
Code § 20-124.2(B), which is the subject of this appeal, states:
“In determining custody, the court shall give primary consideration to the best interests of the child. The court shall assure minor children of frequent and continuing contact with both parents, when appropriate, and encourage parents to share in the responsibilities of rearing their children. As between the parents, there shall be no presumption or inference of law in favor of either. The court shall give due regard to the primacy of the parent-child relationship but may upon a showing by clear and convincing evidence that the best interest of the child would be served thereby award custody or visitation to any other person with a legitimate interest. The court may award joint custody or sole custody.”
in.
A.
The grandparents initiated this proceeding by filing a petition, pursuant to Code § 16.1-241(A)(3), in the Montgomery County Juvenile and Domestic Relations District Court. The grandparents requested that the court enter an order permitting them to obtain visitation with their granddaughter. The parents opposed the visitation petition.
The juvenile and domestic relations district court conducted an ore terms hearing and entered an order requiring that the parents and grandparents participate in counseling “to promote healing within the family and improved communication ... for the benefit of [the granddaughter], among others” and directed the counselor to report to the court within 45 days. The court also ordered that the “grandparents shall have visitation every other Saturday from 10:00 a.m., until 6:00 p.m. . . . and every other Thursday from 3:00 p.m., until *24 6:00 p.m.” Subsequently, the court conducted another ore tenus hearing and entered a final order which granted the grandparents visitation and required the parents and grandparents to participate in joint family counseling through the court service unit of the juvenile and domestic relations district court.
B.
The parents appealed the juvenile and domestic relations district court’s order to the circuit court. The parents filed a motion to dismiss the grandparents’ petition asserting, among other things, that Code § 20-124.2(B) violates the parents’ constitutional rights, conferred by the Fourteenth Amendment of the United States Constitution, to raise their child as they deem appropriate.
The circuit court conducted an ore tenus hearing and found that the granddaughter’s “family is intact. [There is no] evidence of parental abuse or neglect; [the parents] are respectable members of their community; [the parents] are mentally, physically, and morally fit; and [the parents] are capable of meeting [the granddaughter’s] financial, educational, moral, and social needs.”
The circuit court also found that: “[t]he grandparents are mentally, physically, and morally fit; [the grandparents] are responsible, mature, and respected members of their community; . . . [the granddaughter] will benefit from contact with her grandparents, [who live] only one block apart [from her]; . . . grandparent visitation will not interfere with [the granddaughter’s] health or emotional development; and . . . [t]he grandparents obviously love [their granddaughter] and have the ability to adequately care for her.” The circuit court rejected the parents’ constitutional claim, and entered a final judgment awarding the grandparents visitation with their granddaughter for 10 hours per week.
C.
The parents appealed the judgment of the circuit court to the Court of Appeals of Virginia and reasserted their constitutional challenge. The Court of Appeals held that the parents’ autonomy in child rearing is a fundamental right protected by the Fourteenth Amendment of the United States Constitution and that state interference with that right must be justified by a compelling state interest. The Court of Appeals concluded that Code § 20-124.2(B) is constitutionally permissible because the statute implicitly requires a finding that *25 a denial of visitation would be harmful or detrimental to the grandchild. The Court of Appeals remanded the proceeding to the circuit court so that it could make such findings. Williams v. Williams, 24 Va. App. 778, 784-85, 485 S.E.2d 651, 654 (1997). The grandparents appeal, and the parents assign cross-error to the Court of Appeals’ judgment.
IV.
This Court directed the litigants to brief the issue whether the circuit court had subject matter jurisdiction to award visitation to the grandparents even though custody of the child is not at issue between the parents. The grandparents, relying upon Code § 16.1-241, argue that the circuit court did have subject matter jurisdiction to adjudicate this proceeding. The parents respond that a court may consider visitation by non-parents only in the context of a custody dispute which is otherwise before the court. I disagree with the parents.
As the grandparents properly observe, they filed their petition in the juvenile and domestic relations district court, invoking that court’s jurisdiction under Code § 16.1-241. This statute states in relevant part:
“[Ejach juvenile and domestic relations district court shall have . . . jurisdiction . . . over all cases, matters and proceedings involving:
“A. The custody, visitation, support, control or disposition of a child:
“3. Whose custody, visitation or support is a subject of controversy or requires determination. In such cases jurisdiction shall be concurrent with and not exclusive of courts having equity jurisdiction, except as provided in § 16.1-244;
“The authority of the juvenile court to adjudicate matters involving the custody, visitation, support, control or disposition of a child shall not be limited to the consideration of petitions filed by a mother, father or legal guardian but shall include petitions filed at any time by any party with a legitimate interest therein. A party with a legitimate interest shall be *26 broadly construed and shall include, but not be limited to, grandparents, stepparents, former stepparents, blood relatives and family members. . . .” Code § 16.1-241.
Code § 16.1-296,[1] in effect on the date that the parents perfected their appeal from the juvenile and domestic relations district court to the circuit court, stated in relevant part:
“A. From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken within ten days from the entry of a final judgment, order or conviction. . . .
“I. In all cases on appeal, the circuit court in the disposition of such cases shall have all the powers and authority granted by the chapter to the juvenile and domestic relations district court.”
Applying these statutes, I would hold that the juvenile and domestic relations district court and the circuit court had subject matter jurisdiction to adjudicate the issues raised in this proceeding and that the grandparents have a statutory right to file a petition seeking visitation privileges. Code § 16.1-241(A) confers broad jurisdiction upon the juvenile and domestic relations district courts to adjudicate visitation issues. Code § 16.1-241(B) grants the juvenile and domestic relations district courts jurisdiction of petitions which require visitation determinations. Indeed, the General Assembly specifically mandated in Section (B) of this statute that the authority of the juvenile court to adjudicate matters involving visitation shall not be limited to consideration of petitions filed by parents, but that any party with a legitimate interest, including grandparents, may file such petitions. Code § 16.1-296(A) permits a party to appeal any final order or judgment of the juvenile court affecting the rights or interests of “any person coming within” the juvenile court’s jurisdiction to the circuit court. And, Code § 16.1-296(1) grants the circuit court the power and authority granted by Chapter 4.1 of Title 16.1 of the Code to the juvenile and domestic relations district courts.
*27 Furthermore, in West v. King, 220 Va. 754, 756-57, 263 S.E.2d 386, 387 (1980), we held that Code § 16.1-241, as it existed in 1977, did not vest a juvenile court, and, hence, a circuit court on appeal, with jurisdiction to order grandparent visitation over the objection of a child’s custodial parent. The General Assembly subsequently amended Code § 16.2-241, specifically granting jurisdiction to the juvenile and domestic relations district court to consider visitation petitions filed by grandparents.
I observe that today, all seven members of this Court agree that the juvenile and domestic relations district court and the circuit court had jurisdiction to adjudicate the grandparents’ petition, and five justices agree that the grandparents have a statutory right to file a petition seeking visitation privileges. Only Justices Keenan and Koontz believe that the grandparents have no statutory right to file a visitation petition on the particular facts in this proceeding.
V.
A.
The grandparents argue that Code § 20-124.2(B) does not contravene the Fourteenth Amendment of the United States Constitution. The grandparents contend that, “although the practical disagreement here is between parents and grandparents, the real legal conflict is between the parents and the state. The specific challenge is to balance ... the state’s interest in protecting the granddaughter’s constitutional rights under the First Amendment of the United States Constitution to visit her grandparents . . . and ... the parents’ constitutional rights under the Fourteenth Amendment of the United States Constitution to control [the granddaughter’s] life.” Continuing, the grandparents assert that Code §§ 20-124.2 and 16.1-241 require that a court balance the interests of the state and the interests of the parents; that the circuit court has appropriately balanced the rights of all parties and found by clear and convincing evidence that their granddaughter’s best interests would be served by requiring her to have limited visitation with her grandparents; and that the challenged statute is constitutional. Responding, the parents contend that Code § 20-124.2(B), as applied to them, is unconstitutional because the statute infringes upon their Fourteenth Amendment rights to conduct their family affairs free from governmental intrusion.
*28 B.
The Fourteenth Amendment of the United States Constitution provides in relevant part that “[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law . . . .” U.S. Const. amend. XIV, § 1. The United States Supreme Court, explaining the protections accorded by the Fourteenth Amendment, has stated:
“While this Court has not attempted to define with exactness the liberty thus guaranteed, the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men.” Meyer v. Nebraska, 262 U.S. 390, 399 (1923).
The Supreme Court observed in Moore v. East Cleveland, 431 U.S. 494, 499 (1977), that it “has long recognized that freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment” (quoting Cleveland Bd. of Educ. v. LaFleur, 414 U.S. 632, 639-40 (1974)). Additionally, the United States Supreme Court has stated its “historical recognition that freedom of personal choice in matters of family life is a fundamental liberty interest protected by the Fourteenth Amendment,” Santosky v. Kramer, 455 U.S. 745, 753 (1982), and that there is “a ‘private realm of family life which the state cannot enter.’ ” Moore, 431 U.S. at 499 (quoting Prince v. Massachusetts, 321 U.S. 158, 166 (1944)). Accord Lassiter v. Department of Soc. Servs., 452 U.S. 18, 27 (1981).
The Supreme Court of the United States has made clear that a state may interfere with a parent’s right to raise children only when the state acts in its police power to protect the health or safety of the child. See Wisconsin v. Yoder, 406 U.S. 205, 230 (1972) (Amish children would not be harmed by receiving an Amish education instead of attending public high school); Prince, 321 U.S. at 170 (Supreme Court approved conviction of a guardian who allowed a child to sell *29 religious magazines, finding a legitimate state interest in preventing psychological or physical injury to the child); Pierce v. Society of Sisters, 268 U.S. 510, 534 (1925) (parents’ decisions to send their children to private schools was not inherently harmful to children).
Here, I am concerned with the parents’ fundamental rights to raise their child as they deem appropriate. Therefore, any statute which seeks to limit those rights can only be justified by a compelling state interest, and such statute must be narrowly drawn to express only the legitimate state interest at stake. Washington v. Glucksberg, _ U.S. _, _, 117 S.Ct. 2258, 2268 (1997); Reno v. Flores, 507 U.S. 292, 301-02 (1993). Thus, this Court must consider whether Code § 20-124.2(B), as applied in this case, requires a finding of a compelling state interest before a court can interfere with the parents’ fundamental rights to raise their child by awarding visitation to the grandparents over the parents’ objections.
VI.
A.
The language contained in Code § 20-124.2(B) is clear and unambiguous and, therefore, I would look no further than the plain meaning of the language contained in the statute to ascertain its meaning. Supinger, 255 Va. at 205-206, 495 S.E.2d at 817; City of Winchester v. American Woodmark Corp., 250 Va. 451, 457, 464 S.E.2d 148, 152 (1995). This Court has stated:
“ ‘While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.’ ” Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); accord Supinger, 255 Va. at 206-07, 495 S.E.2d at 817-18; Haislip v. Southern Heritage Ins. Co., 254 Va. 265, 268-69, 492 S.E.2d 135, 137 (1997); Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997); *30 Weinberg v. Given, 252 Va. 221, 225-26, 476 S.E.2d 502, 504 (1996).
B.
In making visitation determinations, a juvenile and domestic relations district court must comply with the statutes contained in Title 20, Chapter 6.1 of the Code, which is entitled, “Custody and Visitation Arrangements for Minor Children.”[2] This chapter contains numerous statutes which relate to custody and visitation. Code § 20-124.1, which is contained in Chapter 6.1, makes clear that grandparents and certain other non-parents, are deemed to have a statutory interest in child visitation.[3]
Code § 20-124.2 is entitled “Court-Ordered Custody and Visitation Arrangements.” Code § 20-124.2(B) authorizes a court to award visitation to a non-parent with a legitimate interest. Code § 20-124.2(B) also establishes the standard that a court must apply when making a visitation determination. The court’s determination must be based upon a showing by clear and convincing evidence that the best interests of the child would be served by an award of visitation.
Code § 20-124.3, which establishes the factors that the court shall consider when applying the best interests of the child standard, states in part:
“§ 20-124.3. Best interests of the child. — In determining best interests of a child for purposes of determining . . . visitation arrangements ... the court shall consider the following:
“1. The age and physical and mental condition of the child, giving due consideration to the child’s changing developmental needs;
“2. The age and physical and mental condition of each parent;
“3. The relationship existing between each parent and each child, giving due consideration to the positive involvement *31 with the child’s life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child;
“4. The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;
“5. The role which each parent has played and will play in the future, in the upbringing and care of the child;
“6. The propensity of each parent to actively support the child’s contact and relationship with the other parent, die relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in matters affecting the child;
“7. The reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference;
“8. Any history of family abuse as that term is defined in § 16.1-228; and
“9. Such other factors as the court deems necessary and proper to the determination.”
None of the factors which a court must consider in Code §§ 20-124.2 and -124.3 when determining visitation requires that a court make a finding of any type of harm to a child’s health or safety. The standard, “best interests of the child,” does not require the state to exercise its police power to protect the health or safety of a child. Rather, this comparative standard requires a court to make determinations about what may be most beneficial to a child. Undoubtedly, most children would benefit by experiencing a close and loving relationship with caring grandparents. And, such relationship may certainly be in a child’s best interests. However, I cannot conclude that the absence of such relationship in this case would affect the granddaughter’s health or safety.
As the record demonstrates, Code § 20-124.2 permits a court to intrude upon the parents’ fundamental rights to raise their child even though the circuit court made a factual finding that the parents are mentally, physically and morally fit, that they are capable of meeting the child’s financial, educational, moral and social needs, and there is no evidence of parental abuse or neglect. The plain language of this statute permits the state to infringe upon the parents’ rights to raise *32 their child by authorizing a court to mandate, against the parents’ wishes, those persons with whom the child shall associate.
In essence, Code § 20-124.2, as applied in this proceeding, permits the government to impose its views regarding how a child should be raised upon a child’s parents, even though such decisions are parental choices protected by the parents’ fundamental rights emanating from the Fourteenth Amendment. Code § 20-124.2, as applied here, is constitutionally deficient because it does not require that a court, in awarding visitation to the grandparents, make a determination that such visitation is necessary to protect the safety or health of the child.[4]
C.
The Court of Appeals, and the plurality’s opinion, concluded that Code § 20-124.2(B) is constitutional because the General Assembly purportedly intended that a circuit court make a finding that “a denial of visitation would be harmful or detrimental to the welfare of the child, before interfering with the constitutionally protected parental rights of the child involved.” In reaching this conclusion, the Court of Appeals and the plurality rely upon the following language in Code § 20-124.2(B) which requires that a court “shall give due regard to the primacy of the parent-child relationship” when making visitation determinations. I disagree with the plurality opinion and the Court of Appeals.
The plain language contained in Code § 20-124.2(B) is devoid of any words which require a court to make a finding of harm to a child before granting visitation rights to a grandparent over a parent’s objection. The statutory language that a court “shall give due regard to the primacy of the parent-child relationship” simply is not equivalent to the constitutional requirement that a court make a finding of a compelling state interest before interfering with a parent’s fundamental right to raise a child. Thus, the plurality opinion amends Code § 20-124(B) by adding additional language to the statute. I cannot infer a legislative intent that is not evident in the clear and unambiguous language of Code § 20-124.2(B) because to do so would permit the judicial branch of government to usurp the prerogatives of *33 the legislative branch of government by rewriting a statute and, thus, giving that statute a construction that was not manifested by the plain language that the General Assembly chose to use.
VII.
For these reasons, I would hold that Code § 20-124.2(B) is unconstitutional as applied because the statute permits the Commonwealth to interfere with the parents’ fundamental rights to raise their child even though the statute does not require the court to make a finding that the failure to award visitation over the parents’ objections would be detrimental to the health or safety of the child. Accordingly, I would enter an order in favor of the parents, declaring that Code § 20-124.2(B) is unconstitutional as applied in this proceeding.

 Code § 16.1-296 was subsequently amended, but those amendments do not affect the disposition of this appeal.

 If the judgment of the juvenile and domestic relations district court is subsequently appealed to a circuit court, which considers the request for visitation de novo, the circuit court must also apply the statutes contained in this Chapter.

 Code § 20-124.1 states in relevant part: “ ‘[pjerson with a legitimate interest’ shall be broadly construed and includes, but is not limited to grandparents, stepparents, former stepparents, blood relatives and family members provided any such party has intervened in the suit or is otherwise properly before the court. The term shall be broadly construed to accommodate the best interest of the child.”

 I am of the opinion that Code § 20-124.2(B) is unconstitutional as applied as opposed to unconstitutional facially because there may be factual circumstances when application of the statute as written would be constitutionally permissible. For example, a court should apply the best interest of the child standard in a visitation dispute between natural parents of a child.