JUSTICE KOONTZ, with whom JUSTICE KEENAN
joins, dissenting, and concurring in result.
In my view, the dispositive issue in this case is whether the juvenile and domestic relations district court, and thereafter the circuit court on appeal, had the statutory authority to consider a petition by grandparents seeking court-ordered visitation with their grandchild over the united objections of the child’s parents. The record reflects that the parents have an intact marriage, are capable of meeting the child’s financial, educational, moral, and social needs, and there is no allegation of parental abuse, neglect, or abandonment. In my view, in this specific factual context the pertinent statutory scheme for resolving child visitation disputes does not provide a right to the grandparents to seek visitation, and, accordingly, does not provide authority to the courts to consider their petition. Thus, I would not reach the constitutional issue presented in this appeal.
Initially, I would note that the statutory scheme for resolving visitation suits invoked by this case applies with equal force in the circuit court on appeal and in the juvenile and domestic relations district court from which the appeal arises. See Code § 20-124.2 (expressly applicable to visitation suits whether in the circuit court or the district court); Code § 16.1-296(1) (on appeal, circuit court has all powers and authority granted to juvenile and domestic relations district court). Because the petition in this case was originally filed in the juvenile and domestic relations district court, I begin my analysis *34 with consideration of Code § 16.1-241, which provides the general jurisdiction for that court. In pertinent part, this statute provides that:
[Ejach juvenile and domestic relations district court shall have . . . exclusive original jurisdiction . . . over all cases, matters and proceedings involving:
A. The custody, visitation, support, control or disposition of a child:
1. Who is alleged to be abused [or] neglected . . .;
2. Who is abandoned by his parent or other custodian or who ... is without parental care and guardianship;
2a. Who is at risk of being abused or neglected by a parent or custodian . . .;
3. Whose custody, visitation or support is a subject of controversy or requires determination',
The authority of the juvenile court to adjudicate matters involving the custody, visitation, support, control or disposition of a child shall not be limited to the consideration of petitions filed by the mother, father or legal guardian but shall include petitions filed at any time by any party with a legitimate interest therein. A party with a legitimate interest shall be broadly construed and shall include, but not be limited to, grandparents, stepparents, former stepparents, blood relatives and family members.
(Emphasis added.)
Code § 16.1-278.15 provides the dispositional authority of the juvenile and domestic relations district court in visitation suits in which that court has jurisdiction under Code § 16.1-241. In pertinent part, Code § 16.1-278.15 provides in subsection (A) that in cases involving the visitation of a child pursuant to Code § 16.1-241(A)(3), “the court may make any order of disposition to protect the welfare of the child and family as may be made by the circuit court.” Subsection (B) further provides that in “any case involving the custody or visitation of a child, the court may award custody upon petition to *35 any party with a legitimate interest therein, including . . . grandparents.”
In express terms, Code § 16.1-241 provides a broad legislative grant of jurisdiction for the juvenile and domestic relations district court to consider visitation matters, and Code § 16.1-278.15 provides the dispositional authority for that court to award visitation to any party with a legitimate interest, including a grandparent. However, these code sections do not create any right in the grandparents, or in any other “party with a legitimate interest” to visitation. Such rights did not exist at common law, West v. King, 220 Va. 754, 756, 263 S.E.2d 386, 387 (1980), nor can they be acquired inferentially. Cf. Johnson v. Johnson, 224 Va. 641, 645, 299 S.E.2d 351, 353 (1983). Rather, being in derogation of the common law, the right of the grandparents, or any other party with a legitimate interest, to visitation of a child over the united objections of two fit parents must be conferred expressly by statute. Cf. Wackwitz v. Roy, 244 Va. 60, 65, 418 S.E.2d 861, 864 (1992).
To the extent that the grandparents, as parties with a legitimate interest, have a right to visitation, such right is granted by Code § 20-124.2 which expressly addresses “[cjourt-ordered custody and visitation arrangements.” Code § 20-124.2(A) provides in pertinent part that:
In any case in which custody or visitation of minor children is at issue, whether in a circuit or district court, the court shall provide prompt adjudication, upon due consideration of all the facts, of custody and visitation arrangements, including support and maintenance for the children, prior to other considerations arising in the matter. The court may enter an order pending the suit ....
Code § 20-124.2(B) provides in pertinent part that:
In determining custody, the court shall give primary consideration to the best interests of the child. The court shall assure minor children of frequent and continuing contact with both parents, when appropriate, and encourage parents to share in the responsibilities of rearing their children. As between the parents, there shall be no presumption or inference of law in favor of either. The court shall give due regard to the primacy of the parent-child relationship but may upon a showing by clear and convincing evidence that the best interest of the child *36 would be served thereby award custody or visitation to any other person with a legitimate interest.
Code § 20-124.1 provides that the term “ ‘Person with a legitimate interest shall be broadly construed and includes, but is not limited to grandparents . . . provided any such party has intervened in the suit or is otherwise properly before the court.” (Second emphasis added.)
The limiting phrase “provided any such party has intervened in the suit or is otherwise properly before the court” in Code § 20-124.1 impacts the scope of both the provisions of Code § 20-124.2(B) and the provisions of Code § 16.1-241. This phrase expressly limits the circumstances under which Code § 20-124.2(B) grants the grandparents the right to visitation and, thus, the circumstances under which Code § 16.1-241 provides jurisdiction for the court to consider their petition for visitation. Moreover, because the common law did not recognize the right of a grandparent to visitation with a grandchild, this statutory scheme must be strictly applied and not “enlarged in [its] operation by construction beyond [its] express terms.” C. & O. Railway v. Kinzer, 206 Va. 175, 181, 142 S.E.2d 514, 518 (1965); see also Bradick v. Grumman Data Systems Corporation, 254 Va. 156, 160, 486 S.W.2d 545, 547 (1997); Hyman v. Glover, 232 Va. 140, 143, 348 S.E.2d 269, 271 (1986) (General Assembly’s intent to abrogate common law will be “plainly manifested” in the language of a statute).
Here, the grandparents, as persons with a legitimate interest, are not intervenors in an existing custody or visitation suit between the parents, nor do they assert parental unfitness, evidenced by abuse, neglect, or abandonment, so as to qualify as parties otherwise properly before the court under Code § 16.1-241(A)(1), (2), and (2a).* Thus, only if Code § 20-124.2(B) is construed without giving any effect to die limiting language of Code § 20-124.1, would the court have had statutory authority to award visitation to the grandparents under the specific circumstances of this case, where two fit parents are united in their objections to that visitation. However, the limiting language of Code § 20-124.1 suggests that the legislature intended to limit the right of grandparents, and other parties with a legitimate interest, to seek visitation only when that issue would otherwise be *37 properly before the court and not when the grandchild is in the custody of two fit, natural parents in an intact marriage who are united in their objections to visitation by the grandparents.
This conclusion is further bolstered by the language in Code § 16.1-241(A)(3) that provides statutory authority to the court over suits involving a child whose visitation “is a subject of controversy or requires determination,” suggesting a consistency with the language of Code § 20-124.1. I am aware of no prior case in which we have recognized the broad and unlimited right of visitation over parental objection asserted by the grandparents in this case, and I would decline to do so now.
Accordingly, I would hold that the juvenile and domestic relations district court had no statutory authority to grant visitation to the grandparents under their petition because Code § 20-124.2(B) does not provide a right of visitation to the grandparents under the circumstances in this case. For these reasons, I would reverse the trial court’s judgment and dismiss the grandparents’ petition.

 It cannot be disputed that under the common law of this Commonwealth grandparents can file a petition for custody of a child upon an allegation of parental unfitness. See Bottoms v. Bottoms, 249 Va. 410, 413-414, 457 S.E.2d 102, 104 (1995).